

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. Engledow
Assistant County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:

Opinion No. O-1002
Re: Fees due justices of the
peace and constables for
services performed in con-
nection with examining
trials and the manner in
which same should be col-
lected.

This will acknowledge receipt of your letter of
June 17, in which you ask our advice as to the correctness
of conclusions reached by you in advising your precinct of-
ficers with reference to fees due in examining trials and
the manner in which same should be collected. You enumer-
ate eight distinct propositions as follows:

"1. Neither officer is entitled to
a fee unless the defendant is brought be-
fore the justice of the peace and is
either given an examining trial or waives
same.

"2. In case the defendant waives an
examining trial in open court, said offi-
cers are entitled to their fees the same
as if a trial was had.

"3. A justice of the peace is entit-
led to a fee of $2.50 (Art. 1052 Vernon's
Annotated C.C.P.) plus 10¢ per 100 words
for transcribed testimony, in no event to
exceed $3.00.

"4. A constable is entitled to such
fees as are fixed by law for similar ser-

Honorable J. B. Engledow, Page 2

vices in misdemeanor cases in County Court, not to exceed $4.00, plus mileage to be computed on a basis of 5¢ per mile necessarily traveled (Art. 1029 Vernon's Annotated Code of Criminal Procedure) and subject to the other restrictions relating thereto and embodied in said Article 1029.

"5. All formalities with reference to preparation and approval of the claim enumerated in Article 1020 of Vernon's Annotated Code of Criminal Procedure must be strictly complied with.

"6. The State of Texas is liable to such officers for their fees in such cases.

"7. A certified copy of the officer's bill for services shall be mailed to the Comptroller at Austin and payment made by said last named officer in accordance with the provisions of Articles 1034 and 1035 of Vernon's Annotated Code of Criminal Procedure.

"8. The county is not liable for any services performed by such officers in connection with examining trials unless the offense is later reduced to the grade of misdemeanor."

After careful consideration, we have reached the conclusions you are correct in most of the statements made, but that you overlooked some statutory provisions in other instances.

With reference to your first statement, we direct your attention to the fact that this department has repeatedly held that justices of the peace are not entitled to collect any fee when no examining trial is held, nor waiver thereof made by accused. (Referring to Opinion No. 0-935, approved June 24, 1939, by this administration, written by Honorable Bruce W. Bryant, Assistant Attorney General, to Honorable R. P. Power; letter opinion by Honorable Homer C. DeWolfe to Honorable John O. Harris, February 17, 1933, Volume 343, Letter Opinions, p. 621; letter opinion by Honorable Bruce W. Bryant to Honorable George H. Sheppard, September 10, 1932, Volume 356, Let-

ter Opinions, p. 575; letter opinion by Honorable A. R.
Stout to Honorable Amos Lee, November 25, 1933, Volume
352, Letter Opinions, p. 365.)

In the first paragraph of Article 1020, Code
of Criminal Procedure, 1925, as amended, is found the
statute applicable to justices of the peace. We quote
said paragraph:

> "In each case when a County Judge
> or a justice of the peace shall sit as
> an examining court in a felony case, they
> shall be entitled to the same fees allow-
> ed by law for similar services in misde-
> meanor cases to justices of the peace,
> and ten cents for each 100 words for
> writing down the testimony, to be paid by
> the state, not to exceed Three and no/100
> ($3.00) Dollars, for all his services in
> any one case."

We note this amended legislation was enacted
by the Acts of 1933, Forty-third Legislature, ch. 99, p.
219, and became effective 90 days after June 1, 1933.

It will be noted that the fees which a justice
of the peace is entitled to receive where he sits as an
examining court in a felony case are the same fees al-
lowed by law for similar services in misdemeanor cases to
justices of the peace. These fees are provided for in Ar-
ticle 1052, C.C.P., as amended, the pertinent provisions
being:

> ". . . Two Dollars and fifty cents
> shall be paid by the county to the jus-
> tice of the peace, for each criminal ac-
> tion tried and finally disposed of be-
> fore him. . ."

Where a case has been filed before a justice
of the peace, sitting as a magistrate, and no examining
trial has been held and the defendant has not waived his
right to such a trial, as he may do in accordance with Ar-
ticle 299, C.C.P., 1925, it cannot be said that the case
has been "tried and finally disposed of before him." It
is true that the justice of the peace in such a case has
rendered some service, but the Legislature did not see
fit to compensate him for such service, except when the
case has been tried and finally disposed of before him.

While we agree that such condition may work a hardship on the justice of the peace in certain instances, we quote the language of Judge Gallagher of the Texas Commission of Appeals in the case of McCalla vs. City of Rockdale, 246 S.W. 654:

> "No officer is permitted to collect fees or commissions unless the same are provided for and the amount thereof declared by law. This is true, notwithstanding such officer may be required by law to perform specific services for which no compensation is provided. The obligation to perform such services is imposed as an incident to the office and the officer is deemed to have engaged to perform them without compensation by his acceptance thereof."

We therefore hold that justices of the peace may not be legally paid any fee for services in examining trials unless the defendant is brought before the justice, and is either given an examining trial or waives same.

With reference to sheriffs and constables, we find the second paragraph of Article 1020, supra, to be applicable:

> "Sheriffs and constables serving any process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in County Court to be paid by the State, not to exceed Four and no/100 ($4.00) Dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Article 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the County where case is pending. Provided no sheriff or constable shall receive from the State any additional mileage for any subsequent arrest of a defend-

ant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants of arrest or capiases are served or could have been served on the same defendant on any one day."

The fourth paragraph of said Article 1020, as amended, provides when the fees provided for shall become due and payable. We quote the pertinent language as follows:

"The fees mentioned in this Article shall become due and payable only after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the Judge of the District Court. . ."

Article 233, C.C.P., directs the officer executing a warrant of arrest to take the person arrested forthwith before the magistrate who issued the warrant, or before the magistrate named in the warrant. Chapters Three and Four of Title 5 of the Code of Criminal Procedure provides the procedure to be followed, following the action directed by said Article 233. The magistrate shall proceed to hold an examining trial (Art. 245), or the accused waives same (Art. 299). If an examining trial is held, after having the evidence, the magistrate makes the proper order thereon (Art. 261); if waived, he requires bail (Art. 299). He is required to certify the proceedings to the clerk of the proper court. We quote Articles 296, 298 and 299:

"Article 296. The magistrate, before whom an examination has taken

place upon a criminal accusation, shall certify to all the proceedings had before him, as well where he discharges, holds to bail or commits, and transmit them, sealed up, to the court before which the defendant may be tried, writing his name across the seals of the envelope. The voluntary statement of the defendant, the testimony, bail bonds, and every other proceeding in the case, shall be thus delivered to the clerk of the proper court, without delay.

"Article 298. In case of no arrest. Upon failure from any cause to arrest the accused the magistrate shall file with the proper clerk the complaint, warrant of arrest, and a list of the witnesses.

"Article 299. Waiving examination. The accused may waive an examining trial in any bailable case and consent for the magistrate to require bail of him; but, the prosecutor or magistrate may examine the witnesses for the State as in other cases. The magistrate shall send to the proper clerk with the other proceedings in the case a list of the witnesses for the State, their residence and whether examined."

If the accused is discharged by the examining court, or the warrant issued out of said court is for any other reason not executed, of course no fees would be payable. The statutes clearly contemplate no payment in any case until indictment, and even then where the offense is one in which the punishment is reducible to fine, jail sentence, or both, the officers are not to be paid the fees until the case is finally disposed of in the trial court. (Art. 1027, C.C.P., as amended.)

We direct your attention to the language used in the fourth paragraph of Article 1050, supra, providing fees for services in the examining court only "after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court"

We therefore rule that sheriffs and constables likewise come within the rule and you are correct in your statement number one.

This department has heretofore held that officers are entitled to their statutory fees for services actually performed, even though the defendant waives the examining trial. (Letter opinions, Honorable Everett F. Johnson to Honorable Homer C. DeWolfe, February 27, 1931, Volume 319, p. 190; Honorable Paul D. Page, Jr. to Honorable L. Pharr, November 23, 1929, Volume 308, p. 96; Honorable Bruce Bryant to Honorable Geo. H. Sheppard, September 9, 1932, Volume 338, p. 575.) We find the following language used in Opinion No. O-794, written by this administration on May 29, 1939, to Honorable Murphy Cole, County Auditor of Liberty County:

> "In answer to your second question, therefore, it is the opinion of this department that where all defendants waive examining trial for the same offense or criminal act charged, the justice being authorized to proceed, must comply with the provisions of Article 299, Code of Criminal Procedure, 1925, before being entitled to a fee for holding an examining trial."

We have concluded we were in error in inferring that testimony must be taken before the justice of the peace and constable would be entitled to their respective fees. In reading Article 1020 and Article 299, it is apparent to us that the only officer whose remuneration is dependent upon the actual reduction of testimony to writing is the prosecutor. We think the reasoning in the letter opinion of Honorable Bruce Bryant, supra, is sound, and we approve same. Judge Bryant held the officer entitled to his fees where the accused waives an examining trial in any bailable case and consents for the magistrate to require bail of him. We quote:

> "In such cases the justice of the peace, sitting as a magistrate, enters his order binding the defendant over to the district court to await the action of the grand jury in his case, and in such an instance the case has been tried

and finally disposed of within the meaning of Article 1052. In such a case everything has been done that could have been done upon a full hearing and trial. The defendant has admitted, by waiving his right to an examining trial, that the State has testimony ready to introduce upon the trial of the case which would justify the magistrate in binding the defendant over to the district court."

You are, therefore, advised you are correct in your conclusion number two.

The statute cited by you and quoted above, plainly shows the accuracy of your third proposition. (Art. 1052, C.C.P., as amended.)

With reference to your paragraph No. 4, you are correct that the mileage is to be paid in addition to the maximum of Four ($4.00) Dollars for other services, if rendered. As to mileage rates, you are referred to the specific provisions of Article 1029, C.C.P.,as amended.

We wish to call to your attention that the pocket part supplement to Vernon's Code of Criminal Procedure might confuse, inasmuch as it appears at first glance to be misleading. The Legislature, in 1933, Forty-third Legislature, Chapter 69, p. 144, was only amending Section 5 of Article 1029. The remaining portions of said Article were not amended and remain in full force and effect. As stated in 39 Tex. Jur., Sec. 63, p. 127:

"One or more of the Articles or sections of an Act may be amended without re-enacting the entire statute. In such a case it is sufficient to re-enact and publish the section or sections amended."

You are certainly correct in your fifth assertion: "All formalities with reference to preparation and approval of the claims enumerated in Article 1020 (as amended) . . . Code of Criminal Procedure must be strictly complied with."

In your paragraphs 6, 7 and 8, you overlooked the provisions of Section 17 (b) of the Officers Salary Bill.

The language there is conclusive that the State is not liable to your precinct officers. We quote:

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with, and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the county out of the officers salary fund such fees and commissions as would otherwise be paid him by the State for such services." (Art. 3912e, Sec. 17b.)

This statute controls over the language "to be paid by the State" as used in Article 1020. This has been decided by several letter opinions of this department, to which we adhere. (Letter opinion Honorable Joe J. Alsup to Mr. R. L. Armstrong, March 31, 1937, Volume 375, p. 834; Honorable H. L. Williford to Honorable Quincy Hawkins, June 24, 1938, Volume 382, p. 171; Honorable Ardell Williams to Honorable Chas. A. Martin, May 1, 1939, No. O-704.)

We enclose herewith a copy of Mr. Williams' opinion No. O-704.

Trusting the above is complete and satisfactory, and with regret that the press of business has prevented an earlier reply, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_

Benjamin Woodall
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

BW:FG

ENCLOSURE

APPROVED AUG 7, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS